***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all relevant times, an employee-employer relationship existed between plaintiff and defendant-employer.
3. Defendant-employer is self-insured.
4. The parties stipulated into evidence, without need for further authentication or verification, the following:
 • Stipulated Exhibit 1 Plaintiff's recorded statement;
 • Stipulated Exhibit 2 — Plaintiff's personnel records;
 • Stipulated Exhibit 3 — Plaintiff's 1998 payroll report; and
 • Stipulated Exhibit 4 — I.C. Form 22, Wage Chart.
5. The depositions of Douglas Charles McCrory, M.D., Mark McKinnon, D.C., and Glynn Whitley are a part of the evidentiary record in this case.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff was employed with defendant-employer, the Town of Bailey, as a laborer from September 6, 1997 through October 1998. Plaintiff was involved in various activities including fixing water lines, fixing torn roads, mowing grass, maintenance work, keeping the town clear of debris, digging graves, etc.
2. Plaintiff was involved in a motor vehicle accident in 1979 which caused ongoing back pain.
3. Plaintiff had been seen by Dr. Douglas McCrory at the VA hospital at least as early as December 12, 1997 complaining of left leg weakness and pain in the left torso and hip down the leg for approximately six months. At that time, plaintiff related that he had chronic back pain related to his 1979 motor vehicle accident.
4. During the summer of 1998, plaintiff began limping and complaining of increased back pain.
5. Plaintiff alleges that he suffered a compensable injury by accident while using a jackhammer over several hours in June or July 1998.
6. Plaintiff presented to Dr. Mark McKinnon, a chiropractor, on June 19, 1998, complaining of depression and back and left leg pain. Dr. McKinnon was of the opinion that plaintiff had a foraminal encroachment between L4-L5 and recommended that plaintiff return to him two or three times a week for the next three or four weeks. Plaintiff did return to Dr. McKinnon several times over the next two weeks continuing to complain of low back pain.
7. Plaintiff told Dr. McKinnon that he had a long history of on and off symptoms since his motor vehicle accident and that the symptoms had been worsening every year. He indicated that no activity made it worse; "it just hurt." Plaintiff did indicate to Dr. McKinnon that he had hurt himself at work somehow a couple of days prior to presenting to Dr. McKinnon. Plaintiff was not anymore specific than that concerning the work event. Plaintiff's treatment with Dr. McKinnon was not treated as a workers' compensation claim, and it was handled as a health insurance claim. Plaintiff was discharged from Dr. McKinnon's care on July 7, 1998.
8. On July 10, 1998, plaintiff presented to Dr. Douglas McCrory complaining of back pain radiating into his leg, which was exacerbated by coughing, and indicating that the pain had begun approximately three weeks before his visit. Although nothing to this effect was reflected in the doctor's written records, plaintiff indicated that his date of accident was 1979, and plaintiff did not request his treatment be considered as a new workers' compensation injury. Dr. McKinnon remembers that plaintiff indicated to him that he had done something particularly heavy at work at about that time.
9. An August 7, 1998 MRI indicated that plaintiff had a large herniated disc at L5-S1 on the left side.
10. Plaintiff was taken out of work for one week on August 5, 1998.
11. Following August 14, 1998, plaintiff continued to have pain and Dr. McCrory was of the opinion that plaintiff needed back surgery. However, plaintiff was reluctant to undergo surgery and continued to treat conservatively with Dr. McCrory through August 1, 2000 at which time he was having hip pain and loss of strength in his leg with increased difficulty in walking.
12. Dr. McCrory is of the opinion that plaintiff is unable, due to his lumbosacral disc problem, to perform the job duties which he was performing in his job with the Town of Bailey from July 10, 1998 and continuing.
13. Mr. Glynn Whitley, plaintiff's supervisor, saw plaintiff on a daily basis, and plaintiff never indicated to him that he had sustained an on the job injury although plaintiff did complain of back pain.
14. Ms. Becky Smith, the town clerk for the Town of Bailey, although she spoke to plaintiff on an almost daily basis, was never notified by plaintiff that he had suffered an on the job injury. Indeed, plaintiff mentioned to Ms. Smith that his condition was a result of an earlier non-work related injury.
15. In the summer of 1998, the Town of Bailey did not own a jackhammer. It did rent one from Best Rentals in Wilson in September 1998 to cut a water line across the street. That was the only time in Mr. Whitley's fifteen years of working with the Town of Bailey that he has any memory of renting a jackhammer for the City of Bailey. Mr. Whitley is the person in charge of actually picking up the rentals. Ms. Becky Smith is in charge of authorizing the rental and only remembers or was able to find records for that one jackhammer rental in September 1998 approximately three months after plaintiff's alleged injury while using the jackhammer.
16. Even though using a jackhammer may have been able to cause a condition such as plaintiff's and even though plaintiff may have indeed been involved in some heavy work on or around June 19, 1998, plaintiff has failed to establish by the greater weight of the competent evidence that he sustained a compensable injury in June 1998. Plaintiff's testimony that he sustained an injury in June of 1998 while using a jackhammer is not accepted as credible in that the clear weight of the evidence is that the only time a jackhammer was used by the Town of Bailey was in September 1998 approximately three months after plaintiff's alleged injury and the occurrence of plaintiff's symptoms. Whether or not plaintiff was doing "heavy work" prior to June 19, 1998 and thereafter experienced increased symptoms, there are no details by which to determine whether such "heavy work" did or did not constitute an injury by accident and insufficient details regarding the "heavy work" with which to establish causation.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to establish by the greater weight of the competent evidence that on or about June 19, 1998 he sustained a compensable injury by accident. N.C.G.S. § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act and must therefore be denied. N.C.G.S. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim must be and the same is hereby DENIED.
2. Each side shall bear its own costs, except defendant shall pay an expert witness fee in the amount of $235.00 to Dr. Douglas Charles McCrory if they have not already done so.
This the ___ day of May 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER